GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
   hrichardson@gibsondunn.com
DHANANJAY MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington D.C. 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone:  949.451.3800
Facsimile:  949.475.4668

Attorneys for Defendant UBER TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELA MCRAY, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>              Defendant. | CASE NO. 4:19-CV-5723-YGR<br><br>**DEFENDANT UBER TECHNOLOGIES INC.'S RESPONSE TO ANGELA MCRAY'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO RELATE CASES**<br><br>Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTION

On September 11, 2019, Plaintiff Angela McRay filed her Class Action Complaint against Defendant Uber Technologies, Inc., in the above captioned case. *See McRay v. Uber Technologies, Inc.*, No. 19-cv-05723-YGR, Dkt. No. 1 (N.D. Cal.) ("*McRay*"). She seeks to represent "all other individuals who have worked as Uber drivers in California who have not released all of their claims against Uber." *McRay*, Dkt. 1 at ¶ 6.

McRay filed a motion to relate her case to *O'Connor v. Uber Technologies, Inc.*, No. 13-cv-03826-EMC (N.D. Cal.) ("*O'Connor*"). *McRay* and *O'Connor* are distinguishable in many important ways: different plaintiffs, different claims, and most significantly, vastly different procedural postures. And there is no reason to believe that relating *McRay* to *O'Connor*—which has been litigated for nearly six years and has been approved for settlement—would meaningfully avoid any undue burden or inconsistent legal opinions.

While Uber disagrees with McRay's arguments for relating *McRay* to *O'Connor*, Uber defers to the Court on whether to relate *McRay* to *O'Connor*.

## II. ANALYSIS

Under Civil Local Rule 3-12(a), the district court may relate cases to one another only if the party seeking relation demonstrates that: (1) "[t]he actions concern substantially the same parties, property, transaction or event; *and* (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a) (emphasis added).

### A. There Will Be No Unduly Burdensome Duplication of Labor and Expense or Conflicting Results if the Cases Are Conducted Before Different Judges

As an initial matter, McRay has not demonstrated that there will be "an unduly burdensome duplication of labor and expense or conflicting results" without relation. L.R. 3-12(a).

First, *McRay* and *O'Connor* are at different procedural postures. *O'Connor* was filed in 2013, has been heavily litigated for years, and the Court just finally approved a settlement resolving the claims of drivers not bound to arbitrate their claims. *See* Dkt. No. 964. On the opposite end of the litigation spectrum, *McRay* was filed about two weeks ago. *See McRay*, Dkt. No. 1 (Sept. 11, 2019). Relation

would only impose undue burden on the Court, and not solve any duplication. *See, e.g.*, *Hodges v. Akeena Solar, Inc.*, Case No. CV-09-02147-JW, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) (Ware, J.) (denying motion to relate cases about "substantially the same transaction and events" because differences in their "procedural postures" militated against relating them); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) (denying motion to relate because patent cases were at different stages and "it is not possible to reduce the cost or labor" of the proceedings when cases are at different stages and one has been engaged in discovery and the other has not); *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 2009 WL 3458704, at *1 (N.D. Cal. Oct. 23, 2009) (Ware, J.) ("[I]t does not appear . . . that there will be unduly burdensome duplication of labor" where one case "has been closed and is on appeal"); *Harper v. Trumbull*, 2007 WL 2947427, at *2 (N.D. Cal. Oct. 9, 2007) (Whyte, J.) (denying motion to relate where cases had been "dismissed with prejudice and [were] now closed").

Second, relation will not avoid any "conflicting results" where the legal question at issue is being litigated in a variety of other cases that are not subject to the motion to relate. *See Hynix Semiconductor Inc.*, at *2. As the Court knows, Uber's classification of drivers as independent contractors is being actively litigated in numerous jurisdictions before numerous judges throughout the United States. Thus, relation here would not "meaningfully mitigate" any potential conflicts regarding the classification of drivers as independent contractors. *Id.*

**B.  The Actions Do Not Concern Substantially the Same Parties, Property, Transaction or Event**

McRay also failed to satisfy the other prong of Civil Local Rule 3-12(a) because the parties and claims at issue in *McRay* differ from those at issue in *O'Connor*. *See* L.R. 3-12(a).

First, *McRay* and *O'Connor* involve different plaintiffs. While both plaintiffs name the same Defendant, Uber, the existence of some overlap between the parties in *McRay* and *O'Connor* does not warrant relating the cases. *See, e.g.*, *Adobe Sys. Inc. v. A & S Elecs., Inc.*, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (Armstrong, J.) (denying motion to relate cases involving some party overlap); *Nozolino v. Hartford Life & Accident Ins. Co.*, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (Tigar, J.) (denying motion to relate cases brought under the same statute against the same

1  defendant, reasoning that such "ties [were] insufficient to find that the actions concern[ed] substantially
2  the same parties, transaction, or event."). The mere fact that Uber is named a defendant in both actions
3  should be insufficient to satisfy the first prong of Local Rule 3-12(a) when there are numerous lawsuits
4  related to misclassification against Uber in this jurisdiction and throughout the United States.

5  　　　　Second, *O'Connor* involves several claims that *McRay* does not and *vice versa*. For example,
6  the *O'Connor* plaintiffs alleged the violation of California's Labor Code relating to gratuities, *see*
7  *O'Connor*, Fifth Amended Complaint, Dkt. No. 932, ¶¶ 1–3, 37–81. The word gratuity does not even
8  appear in McRay's Complaint. *See* generally, *McRay*, Complaint, Dkt. No. 1. Not every lawsuit that
9  mentions misclassification, regardless of the actual claims asserted, should be deemed to relate. *See*
10 *Adobe Sys.*, 2016 WL 9105173, at *3 (denying motion to relate cases that "generally involve[d] claims"
11 regarding a particular issue but involved different facts and legal issues).

### III.   CONCLUSION

13 　　　For the foregoing reasons, McRay failed to satisfy the Civil Local Rule 3-12 factors needed to
14 relate *McRay* to *O'Connor*, but Uber defers to the Court as to whether to relate the two cases.

16 Dated: September 27, 2019                                GIBSON, DUNN & CRUTCHER LLP

17                                                         By:    /s/ Theane Evangelis
18                                                                Theane Evangelis

19                                                         Attorneys for Defendant UBER TECHNOLOGIES, INC.